UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
********************************
                               *
JOHN GALVIN,                   *
       Plaintiff               *
                               *
v.                             *
                               *
The Learning Annex, L.P. and The   *   Docket No. 3:10-cv-30008-MAP
Learning Annex GP, LLC, as the     *
Successor(s) and/or assignee(s) of *
Educational Media Group, LLC d/b/a *
One Day University; and Educational*
Media Group, LLC,              *
       Defendants              *
                               *
********************************
```

## ANSWER AND COUNTERCLAIMS

1. Defendants admit that Plaintiff summarizes his claim in this paragraph, and state in summary that the Plaintiff's claim is without merit.

2. The Defendants are without knowledge to admit or deny the allegations in this paragraph.

3. Admitted.

4. Admitted.

5. Denied, insofar as Educational Media Group, LLC ceased operating the One Day University business on April 10, 2009. Since April 10, 2009, Educational Media Group, LLC has had a business presence exclusively in New York.

6. Admitted.

7. Denied, insofar as The Learning Annex, LP has always maintained its principal place of business in New York. Further, shortly after acquiring the assets of Educational Media Group, LLC on April 10, 2009, The Learning Annex, LP terminated the employment of the entire Northampton, MA staff (except for two people), moved One Day University's locus of operations to New York, NY, and immediately began to wind down the remaining operations in Northampton, MA. The Northampton office was effectively closed by the end of November, 2009, and the last Massachusetts employee was removed from the payroll as of December 4, 2009.

8. Admitted.

9. Admitted.

10. The employment agreement speaks for itself.

11. The employment agreement speaks for itself.

12. The employment agreement speaks for itself.

13. The employment agreement speaks for itself.

14. The employment agreement speaks for itself.

15. The employment agreement speaks for itself.

16. The employment agreement speaks for itself.

17. Denied as to whether the referenced transaction "had no effect on the Employment Agreement"; otherwise admitted.

18. Denied, as the transaction was not a "merger."

19. The Defendants admit that The Learning Annex, LP assumed responsibility for fulfilling obligations under the Employment Agreement; otherwise the allegations in this paragraph are denied.

20. Denied, insofar that the Employment Agreement does not accurately reflect the parties' understanding of the notice requirements, and otherwise admitted.

21. Denied, insofar that the Employment Agreement does not accurately reflect the parties' understanding of the notice requirements, and otherwise admitted.

22. Denied, insofar as Defendants are without knowledge as to what a third party said to Galvin.

23. The Defendants admit that Zanker received Exhibit B and are without knowledge to admit or deny the other allegations in this paragraph.

24. The Defendants admit that Exhibit C is a correct copy of the August 7, 2009 Hyams letter and state further that the letter speaks for itself, and the paragraph is otherwise denied, as the letter did not simply "purport" to terminate the contract.

25. The Defendants admit that Galvin sent Hyams Exhibit D and state that Exhibit D speaks for itself.

26. The Defendants admit Hyams received Exhibit E and state that Exhibit E speaks for itself.

27. The Defendants admit that Hyams sent Exhibit F and state that Exhibit F speaks for itself.

28. The Defendants admit that Galvin was employed by Defendant The Learning Annex LP through November 20, 2009 and otherwise deny the allegations in the paragraph.

29. Defendants adopt and incorporate their responses to Paragraphs 1 through 28 of the Complaint.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Defendants adopt and incorporate their responses to Paragraphs 1 through 34 of the Complaint.

36. Denied.

37. Denied.

## Affirmative Defenses

Further, the Defendants assert the following defenses and state:

### First Affirmative Defense

Plaintiff fails to state a cause of action upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's action is barred by the doctrine of estoppel

### Third Affirmative Defense.

Defendants' actions were lawful and justified.

### Fourth Affirmative Defense

Plaintiff's action is barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

The Learning Annex GP, LLC is not a party to the Plaintiff's employment agreement and is therefore an improper party in this action.

### Sixth Affirmative Defense

The Plaintiff waived all claims against Defendant Educational Media Group, LLC.

Dedendants demand a jury trial.

Wherefore, the Defendants request that the Plaintiffs claims be dismissed, and that the Defendants be awarded their costs and attorneys fees.

## Counterclaims of Defendant The Learning Annex, L.P.[1]

**I.   Introduction**

1. This counterclaim is asserted by The Learning Annex, L.P., a limited successor in interest to One Day University, against John Galvin, a former member of the Board of Directors of One Day University, for breach of the duties of loyalty and due care. While serving on One Day University's Board of Directors, Galvin also had an Employment Agreement with One Day University. Galvin failed to timely notify the company that, in his opinion, a critical deadline for "automatic renewal" of the Employment Agreement was approaching. Through his disloyal silence, Galvin allowed the Employment Agreement to allegedly renew automatically, to the detriment of One Day University.

**II.   Parties and Jurisdiction**

2. The plaintiff, The Learning Annex, L.P. is a Delaware limited partnership with a principal place of business in New York, NY. For the purposes of the Employment Agreement referenced below, The Learning Annex, L.P. is the

---

[1] The Counterclaims are identical to the claims in a complaint filed against the Defendant on January 7, 2010, U.S. District Court, S.D.N.Y, Docket No. 10 CV 107. The Defendants intend to move to transfer this case to the Southern District of New York, in part because the subject employment agreement states that New York law applies. The Counterclaims are stated here to preserve them in the event that this case is remanded to state court and it is determined that the counterclaims are compulsory.

successor in interest to Educational Media Group, LLC, a Delaware limited liability company d/b/a "One Day University" (and hereinafter "One Day University.")

3. On information and belief, the defendant John Galvin (hereinafter "Galvin") is a resident of Northampton, Massachusetts.

4. This court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship), and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### III. Statement of Facts

5. In 2006, Galvin co-founded Educational Media Group, LLC, d/b/a/ "One Day University."

6. One Day University is in the business of presenting a series of one day, non-credit, "return to college" lectures for adults.

7. One Day University has never been profitable.

8. In 2007, in connection with an investment by a third party into One Day University, One Day University and Galvin entered into a November 20, 2007 Employment Agreement (hereinafter the "Agreement").

9. The Agreement had a two-year term and provided that Galvin would serve as "Founder, Managing Director and director" of One Day University. Galvin's salary was $175,000 per year, plus benefits.

10. The Agreement contained an automatic renewal provision.

11. Galvin claims that no later than nine months into the first year of the Agreement (by August 20, 2008), One Day University was required to provide him with

notice if One Day University did not want the Agreement to automatically renew for an additional year.

12. One Day University asserts that the parties' understanding was that the renewal notice deadline date was *one year and* nine months into the Agreement (August 20, 2009).

13. While serving as a member of the Board of Directors of One Day University, Galvin failed to bring up at a board meeting or notify his fellow directors that he believed that One Day University had an August 20, 2008 deadline to stop the automatic renewal of his Employment Agreement.

## COUNT I
## BREACH OF FIDUCIARY DUTY OF LOYALTY
### (New York Common Law)

14. Plaintiff adopts and incorporates Paragraphs 1 through 13 of this Complaint.

15. As a member of the Board of Directors of One Day University, Galvin owed One Day University his undivided and unqualified loyalty.

16. If Galvin's interpretation of the Agreement is correct, then while serving on the Board of Directors, he engaged in self-dealing by failing to notify the Board of Directors that August 20, 2008 was a critical deadline, and that unless One Day University provided Galvin with written notice terminating the Agreement, One Day University would be obligated to employ Galvin for an additional year, at an additional $175,000, plus benefits.

17. Galvin's self-dealing was a breach of his fiduciary duty of loyalty to One Day University.

7

18. Plaintiff therefore demands that Galvin return the salary and value of the benefits he received, for the period of time during which he was in breach his fiduciary duty of loyalty to One Day University.

## COUNT II
## BREACH OF FIDUCIARY DUTY OF DUE CARE
### (New York Common Law)

19. Plaintiff adopts and incorporates Paragraphs 1 through 18 of this Complaint.

20. As a director of One Day University, Galvin owed One Day University the fiduciary duty of due care.

21. If Galvin's interpretation of the Agreement is correct, then while serving on the Board of Directors, Galvin did not exercise that degree of care that an ordinarily prudent person would have exercised under the same or similar circumstances.

22. Galvin's actions were thus a breach of the duty of due care he owed to One Day University.

23. Plaintiff therefore demands that Galvin return the salary and value of the benefits he received, for the period of time during which he was in breach of the fiduciary duty of due care to One Day University.

## COUNT III
## BREACH OF FIDUCIARY DUTY OF DUE CARE
### (New York Business Corporation Law § 717)

24. Plaintiff adopts and incorporates Paragraphs 1 through 23 of this Complaint.

25. New York Business Corporation Law § 717 states, "A director shall perform his duties as a director . . . in good faith and with that degree of care which an

ordinarily prudent person in a like position wold use under similar circumstances."

26. Galvin violated his obligations under New York Business Corporation Law § 717.

27. Plaintiff therefore demands that Galvin return the salary and value of the benefits he received, for the period of time during which he was in violation of New York Business Corporation Law § 717.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Monetary damages to the Plaintiff in the amount of salary and benefits Defendant received while in breach of his fiduciary duties to the Plaintiff;

2. Attorneys' fees and costs; and

3. Any other relief to which Plaintiff may be entitled.

                Respectfully submitted,

                Respectfully submitted
                THE LEARNING ANNEX, LP, ET AL.
                By its attorneys,

                /s/ Andra J. Hutchins
                _____
                Andra J. Hutchins, Esq.
                BBO #630066
                ahutchins@kcl-law.com
                Charles E. Gould, Esq.
                BBO #665441
                cgould@kcl-law.com
                Kerstein, Coren & Lichtenstein LLP
                60 Walnut Street
                Wellesley, MA 02481
                781-997-1600

Dated: January 20, 2010

CERTIFICATE OF SERVICE

    I, Charles E. Gould, hereby certify that I have served a copy of the foregoing pleading on Plaintiff's counsel, Alfred Gordon, Pyle Rome Ehrenberg, PC, 18 Tremont Street, Boston, MA 02108 by first class mail this 20th day of January, 2010.

                                                  /s/ Charles E. Gould

                                                  Charles E. Gould